argument made by complainant's counsel, that this was a fraudulent gift or grant by Jacob Mayer, within the second clause of the section, and I admit that the facts bring the transactions fairly upon the debatable ground between the two clauses. But the weight of evidence, I think, strongly preponderates in favor of the view I have taken.

There was a collateral issue raised in the case which has also been quite fully argued, and on which much proof has been presented. It seems that the property covered by the $2,100 mortgage was at one time owned by Susanna Schlott, the wife of John H. Schlott, and while so owned by her, she and her husband, John H., gave a trust deed dated Nov. 16, 1867, to one Barton, to secure the payment of two notes, one for $96.59, and the other for $2,419.60, to Wm. B. Mayer. Afterwards, Mrs. Schlott and her husband conveyed this land to Jacob Mayer, and he conveyed it to Wm. B. Mayer, who gave the $2,100 mortgage in question to Jacob, to secure a part of the purchase money. Complainant insists that when the fee became vested in Wm. B. Mayer, it merged the Schlott mortgage, so that the mortgage from Wm. B. to Jacob Mayer became the first lien on the property. Much evidence has been put upon the record in regard to the intention of the parties as to whether the Schlott mortgage should be kept alive, but I do not deem it necessary for me to follow out and decide these questions in the light of the proof taken and points made, because I think that when I have determined that the assignee in bankruptcy has no claim to the property, I have gone as far as my jurisdiction extends. The parties contending for this mortgage, or rather for the question of its priority, are Mrs. Mayer, wife of Wm. B. Mayer (who claims that she loaned the money to Schlott, and is now the holder of the Schlott mortgage), and the assignee in bankruptcy, and Ezrom Mayer's sureties. They are all citizens of this state and district, and when I hold that the assignee has no title, I can not retain jurisdiction to settle the controversy between Mrs. Mayer and the defendants Little, Clayton, Bartlett, and McCall.

The decree should therefore be that the bill be dismissed for want of equity, as against defendants Little, Clayton, Bartlett, McCall, and Miller; and dismissed without prejudice as between these defendants and defendants Wm. B. and Lucinda Mayer and Barton, touching the validity and priority of the Schlott mortgage.

NOTE. Where the creditor loaned the bankrupt money to take up notes on which the creditor was liable as indorser, at the same time taking a mortgage to secure the loan, *held* a preference under the 35th section of the act. Scammon v. Cole [Case No. 12,433]; Cookinham v. Morgan [Id. 3,183].

SMITH (LOCKINGTON v.). See Case No. 8,448.

SMITH v. LONG. See Case No. 8,478.

## Case No. 13,073.

SMITH v. McCLEOD et al.

[1 Cranch, C. C. 43.] [1]

Circuit Court, District of Columbia. Oct. Term, 1801.

PLEADING AT LAW—PLEA TO JURISDICTION—WHEN ALLOWED.

In a court of a limited jurisdiction a plea, that the cause of action did not arise within the jurisdiction of the court, is a plea in bar, and good after office judgment.

Debt, in the court of hustings [by Smith against McCleod & Braden]. Plea to the jurisdiction that the cause of action did not arise within the town of Alexandria.

Plaintiff demurred generally, and contended that the plea was not a proper plea after an office judgment.

Mr. Faw, for defendant, cited Downman v. Downman, 1 Wash. [Va.] 28; Chumley v. Broom, Carth. 402; 1 Bac. Abr. 35. This is a plea in bar and not in abatement; it is not a dilatory plea—not necessary to be sworn. The plaintiff's remedy is not by demurrer. He ought to have objected to receiving the plea at the time the office judgment was set aside. The plea is good both in form and substance. Several terms have passed since it was filed. The court cannot now go back and say the plea ought not to have been received. They cannot correct their own errors after the term. But this plea was received in the court of hustings, before the existence of this court. Gordon v. Frasier, 2 Wash. [Va.] 135.

Mr. Swann, contra, contended it was a dilatory plea, and if put in at an improper time, the plaintiff might demur, and cited Imp. Pl. 294; Barnes, Notes Cas. 264.

Judgment for defendant, on the demurrer quod breve cassetur.

## Case No. 13,074.

SMITH v. McLEAN et al.

[10 N. B. R. (1874) 260.] [2]

District Court, S. D. Mississippi.

BANKRUPTCY—CHATTEL MORTGAGE—PROCEEDS OF SALE—RIGHTS OF PURCHASER—PARTNERSHIP—PREFERENCE.

1. M. and C. were partners in trade, and on the dissolution of the firm, M. purchased of C. his interest in the business, giving his notes in payment, and executing a mortgage to secure the notes on the stock of merchandise and accounts of the firm. M. continued in business some time thereafter, and finally sold and transferred to C. the entire stock of goods then in his (M.'s) store. C. took possession of the stock and made sales on his own account. At the time of the sale M. was hopelessly insolvent. *Held,* that as the mortgage contained no

[1] [Reported by Hon. William Cranch, Chief Judge.]
[2] [Reprinted by permission.]